UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GUEST SERVICES, INC.,

      Petitioner,

v.                                      Case No. 2:20-cv-598-FtM-66NPM

MELISSA DOGALI,

      Respondent.

_____

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion for Default Judgment (Doc. 9), seeking to confirm an arbitration award issued by the American Arbitration Association ("AAA") on February 24, 2020. Defendant Melissa Dogali has not appeared in this case. On November 25, 2020, the Court granted Plaintiff's Motion for Clerk's Default.[1] For the following reasons, the Court recommends that the Motion for Default Judgment (Doc. 9) be granted.

"When a defendant has failed to plead or defend, a district court may enter judgment by default. Fed. R. Civ. P. 55(b)(2). Because of our 'strong policy of

---

[1] Plaintiff mistakenly filed its Motion for Default Judgment on October 23, 2020 (Doc. 9) before obtaining a clerk's default. Rather than deny the motion and have Plaintiff refile, the Court directed Plaintiff to file its Motion for Clerk's Default to comply with Rule 55(a) and Local Rule 1.07(b). (Doc. 10). The Court stated if a clerk's default was entered, it would thereafter resolve the pending Motion for Default Judgment. (*Id.*).

determining cases on their merits,' however, default judgments are generally disfavored." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015). Entry of a default judgment is warranted only when there is a sufficient basis in the pleadings for judgment to be entered. *Id.* at 1245.

A sufficient basis is akin to facts sufficient to survive a motion to dismiss for failure to state a claim. *Id.* So, when evaluating the sufficiency of the alleged facts, the Court looks to whether the complaint contains sufficient factual matter that, when accepted as true, states a claim for relief that is plausible on its face. *Id.* A defaulted defendant is deemed to admit all well-pleaded allegations of fact but is not held to admit facts not well-pleaded or to admit conclusions of law. *U.S. Bank, N.A. as trustee for LSF8 Master Participation Tr. v. Tobin*, 754 F. App'x 843, 845 (11th Cir. 2018) (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015)).

Pursuant to the Federal Arbitration Act ("FAA"), a party may apply to a district court for an order confirming an arbitration award if made within one year after the award is made, and "the court must grant such an order unless the award is vacated, modified, or corrected as prescribed" in the statute. 9 U.S.C. § 9. "There is nothing malleable about [the] 'must grant,' [language in the FAA] which unequivocally tells courts to grant confirmation in all cases, except when one of the 'prescribed' exceptions applies." *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S.

576, 587, 128 S. Ct. 1396, 1405, 170 L. Ed. 2d 254 (2008). The FAA "imposes a heavy presumption in favor of confirming arbitration awards." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1288 (11th Cir. 2002). As a result, "[j]udicial review of arbitration awards under the FAA is very limited," and confirmation of an arbitral award is "usually routine or summary." *See Daytona Int'l Speedway, LLC v. Glob. Baristas, LLC*, No. 6:18-cv-472-Orl-31TBS, 2018 WL 2306492, *2 (M.D. Fla. May 4, 2018), *report and recommendation adopted*, No. 6:18-cv-472-Orl-31TBS, 2018 WL 2298618 (M.D. Fla. May 21, 2018) (citation omitted) *and Riccard*, 307 F.3d at 1288, *respectively*.

Dogali was employed as a Managing Director for the Hospitality Division in Naples, Florida for Plaintiff Guest Services, Inc. ("GSI") from August 26, 2016 until June 28, 2018, when she was terminated. (Doc. 1, ¶ 2). Pursuant to her employment contract, Dogali was subject to an Alternative Dispute Resolution Agreement with GSI. (*Id.*; Doc. 1-1). On November 8, 2018, Dogali initiated an arbitration action against GSI with the AAA, alleging she was discriminated on the basis of her gender and/or pregnancy and retaliated against for complaining about discrimination. (Doc. 1, ¶¶ 3-4; Doc. 1-2). The arbitration demand was submitted in accordance with the AAA's Employment Arbitration Rules. (Doc. 1, ¶ 3). By utilizing the procedures under the AAA Employment Arbitration Rules, Dogali "consented that judgment

upon the arbitration award may be entered in any federal or state court having jurisdiction." (*Id.* (citing Doc. 1-3 (AAA Employment Arbitration Rule 42(c)).

The arbitration proceeded, and on February 24, 2020, the arbitrator issued the arbitration award (Doc. 1-4) and ruled in GSI's favor on all of Dogali's claims. (Doc. 1, ¶¶ 4-6). Dogali has not sought to vacate, modify, or correct the February 24, 2020 arbitration award and the time to do so has expired. (*Id.*, ¶ 7; *Id.*, p. 4). The Eleventh Circuit has held that "the failure of a party to move to vacate an arbitral award within the three-month limitations period prescribed by section 12 of the [FAA] bars [that party] from raising the alleged invalidity of the award as a defense in opposition to a motion brought under section 9 of the [FAA] to confirm the award." *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989), *cert. denied*, 490 U.S. 1107 (1989); *see Booth v. Hume Pub., Inc.*, 902 F.2d 925, 929 n. 4 (11th Cir. 1990).

GSI has pleaded plausible facts showing that it prevailed in an arbitration against Dogali and that GSI brought the instant action to enforce the award within the applicable time limit. Therefore, the Court finds a sufficient basis in the pleadings for a default judgment to enforce the arbitration award against Dogali.

Accordingly, it is respectfully recommended:

1) Plaintiff's Motion for Default Judgment (Doc. 30) be **GRANTED** and final judgment be entered in Plaintiff's favor; and

2) The Court **CONFIRM** the arbitration award entered February 24, 2020 (Doc. 1-4) in favor of Plaintiff GSI and against Defendant Melissa Dogali with each party to bear their own fees and costs.

Reported in Fort Myers, Florida on December 16, 2020.

*Nicholas P. Mizell*

NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **To expedite resolution, parties may file a joint notice waiving the 14-day objection period.**